IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 21-328 |
| | ) | |
| EUGENE KEY, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Parties' pending Motions (Docs. 82, 83, 84, 85 & 86) are resolved as follows.

The Government's unopposed Motion *in Limine* seeking a pretrial ruling on the admissibility of certain text message communications (**Doc. 82**) is **GRANTED**. The government properly has authenticated the underlying communications pursuant to Fed. R. Evid. 901. And while these communications constitute Fed. R. Evid. 404(b) evidence, the government adequately has demonstrated that this evidence is admissible for non-propensity purposes. Finally, because the probative value of these communications is high and goes directly to proving the identity, knowledge and intent of Defendant, the Court finds that this evidence also is admissible under Fed. R. Evid. 403.

Given the Government's concession that any reference to Defendant's alleged gang affiliation is irrelevant and prejudicial, Doc. 89 (Gov't. Resp.) at 1, Defendant's Motion *in Limine* to exclude any testimony from the Government's witnesses concerning gang affiliation (**Doc. 86**) is **GRANTED**.

And in light of the Government's representation that it will not call the confidential informant to testify during trial, Gov't. Resp. at 1–2, Defendant's Motion *in Limine* to exclude any testimony related to unindicted conduct (**Doc. 85**) and Defendant's Motion to suppress unduly suggestive identification (**Doc. 83**) are **DENIED AS MOOT**.

Finally, Defendant's Motion for a Franks hearing (**Doc. 84**) is **DENIED** for essentially the same reasons stated by the Government, Gov't. Resp. at 2–10, which are incorporated by reference herein.  Suffice it to say that Defendant's Motion, which is premised on similar arguments that the Court previously had rejected at the pretrial motions hearing, *see* Doc. 42 (denying Defendant's Motion to suppress), is not only untimely, but it also does not establish that a Franks hearing is warranted.  See United States v. Desu, 23 F.4th 224, 234 (3d Cir. 2022) (explaining that to obtain a Franks hearing, defendant "must establish (1) that a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do not establish probable cause.").

**IT IS SO ORDERED**.

August 30, 2023                                                                s/Cathy Bissoon
                                                                                          Cathy Bissoon
cc (via ECF email notification):                                       United States District Judge
All Counsel of Record